

FILED

MAY 21 2025

Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

RANDALL DAWON LIGGINS, )
)
Plaintiff, )
)
v. ) CASE No.: 25 CV - 253 CVE - SH
)
(1) TULSA COUNTY D.A. STEPHEN )
KUNZWEILER (2) TULSA COUNTY )
ASSISTANT D.A. DALINDA JEFFERS, )
(3) TULSA POLICE LIEUTENANT )
CHASE CALHOUN, (4) TULSA POLICE )
OFFICER DARIN HOWSE, (5) TULSA )
POLICE DETECTIVE SCOTT MURPHY, )
(6) TULSA POLICE OFFICER BARRET )
CHASTAIN, (7) CITY OF TULSA, (8) )
TULSA POLICE DETECTIVE SABRENA ) JURY TRIAL DEMANDED
SWITZER )
)
Defendants. )

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

PLAINTIFF RANDALL DAWON LIGGINS, pro se, complains of Defendants CITY OF TULSA, Tulsa County District Attorney STEPHEN KUNZWEILER, Tulsa County Assistant District Attorney DALINDA JEFFERS, Tulsa Police Lieutenant CHASE CALHOUN, Tulsa Police Detective DARIN HOWSE, Tulsa Police Detective SCOTT MURPHY, Tulsa Police Detective BARRET CHASTAIN, Tulsa Police Detective SABRENA SWITZER, as follows:

### INTRODUCTION

1. Plaintiff Randall Liggins was arrested on May 15, 2024 for a felony warrant in Tulsa, OK and was transported to the Tulsa County Jail by Tulsa Police Officers LT. Chase Calhoun, Detective Chastain and Detective Scott Murphy and was falsely charged with additional charges of Possession of Stolen Vehicle and Possession of Motor Vehicle with Altered VIN.



___ Mail   ___ No Cert Svc   ___ No Orig Sign
___ C/J   ___ C/MJ   ___ C/Ret'd   ___ No Env
___ No Cpys   ___ No Env/Cpys   ___ O/J   ___ O/MJ

IFP pending
8 Summons

2. Plaintiff was booked into the Tulsa County Jail and held without bond. Tulsa Police Officers (Defendants) conspired to charge Plaintiff with false charges, using the false charges as a way of increasing Plaintiff's bond amount to unlawfully detain Plaintiff.

3. Defendants used false and misleading statements in probable cause arrest reports to make it seem as if Plaintiff possessed the stolen vehicles. Defendants used evidence from closed cases were they already charged and/or convicted other people with possessing the stolen vehicles and used that same evidence from those cases and charged the Plaintiff with the same crime.

4. The Defendants built an entirely false case against Plaintiff. The actions of Defendants were objectively unreasonable were undertaken intentionally in total disregard to the truth and Plaintiff's clear innocence.

5. Defendants fabricated and misrepresented evidence to the courts to make it seem as if Plaintiff possessed stolen vehicles and stolen vehicles with altered VINs. This fabricated evidence was knowingly and deliberately presented to the courts to unlawfully detain the Plaintiff for crimes he did not commit.

6. As a result of these fabrications and misleading statements, Plaintiff spent months unlawfully detained in the Tulsa County Jail.

7. Plaintiffs unlawfully detainment, excessive bail amount, and prosecution were based on shocking actions by the defendants. As a result of the actions of Defendants, Plaintiff suffered loss of liberty, great mental anguish, humiliation, emotional pain and suffering, and other grievous and continuing injuries and damages.

8. On August 14, 2024 after a preliminary hearing defendant the false charges were demurred for a lack of evidence cause to support the charge. After an appeal hearing of the ruling, the demurrer was sustained and charges were dismissed.

9. Defendants knowingly charged Plaintiff for crimes that they lack probable cause to do so.

10. Plaintiff now seek justice for the harm that the Defendants have caused and redress for the loss of liberty and terrible hardship that he has endured and continues to suffer as a result of the Defendants actions.

## JURISDICTION AND VENUE

11. Under 42 U.S.C § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws].

12. Plaintiff is bringing this suit against State or local officials.

13. This Court has jurisdiction over Plaintiff's federal claims to 28 U.S.C. § 1331.

14. Venue is proper under 28 U.S.C. § 1391 (b). Plaintiff resides in this judicial district, most or all of the Defendants reside in this judicial district, and the events and omissions giving rise to Plaintiff's claims occurred within this judicial district.

15. Under the Oklahoma Governmental Tort Act, Okla. Stat. Tit. 51 § 157, A person may not initiate a suit against the state or a political subdivision unless the claim has been denied in whole or in part. A claim is deemed denied if the state or political subdivision fails to approve the claim in its entirety within ninety (90) days, unless the state or political subdivision has denied the claim or reached a settlement with the claimant before the expiration of that period.

16. Plaintiff sent a notice to the State of Oklahoma through its Office of Risk Management and to the City of Tulsa to its City Clerk pursuant to Okla. Stat. Tit. 51 § 157. This suit has been initiated after 90 days. Compliance with this statute has been satisfied.

## PRISONER STATUTS

17. Plaintiff is a pretrial detainee currently detained at the David L. Moss Justice Center in Tulsa, OK.

## PARTIES

18. Plaintiff Randall Liggins / A.K.A Randall Lopez is a 38-year old black male born and raised in Oklahoma, a public figure that rose to fame and notoriety in Tulsa, Oklahoma.

19. Defendant Dalinda Jeffers is a Tulsa County Assistant District Attorney, and was at all times relevant hereto a representative and employer of the State of Oklahoma acting under color of law and within the scope of her employment.

20. Defendant Stephen Kunzweiler is the Tulsa County District Attorney, operates the Tulsa County District Attorney's Office and was at all times relevant hereto a advocate for the State of Oklahoma, and the supervisor of Defendant Dalinda Jeffers. Stephen Kunzweiler at all times relevant hereto, was acting under color of law and within the scope of his employment for the Tulsa County District Attorney's office.

21. Defendant Lieutenant Chase Calhoun, at all times relevant hereto, was an employee in the Tulsa Police Department acting under color of the law and within the scope of his employment for the City of Tulsa.

22. Defendant Detective Darin Howse, at all times relevant hereto, was an employee in the Tulsa Police Department acting under color of the law and within the scope of his employment for the City of Tulsa.

23. Defendant Detective Barrett Chastain, at all times relevant hereto, was an employee in the Tulsa Police Department acting under color of the law and within the scope of his employment for the City of Tulsa.

24. Defendant Detective Scott Murphy, at all times relevant hereto, was an employee in the Tulsa Police Department acting under color of the law and within the scope of his employment for the City of Tulsa.

25. Defendant Detective Sabrena Switzer, at all times relevant hereto, was an employee in the Tulsa Police Department acting under color of the law and within the scope of his employment for the City of Tulsa.

26. Defendant City of Tulsa is an Oklahoma municipal corporation, operates the Tulsa Police Department, and was at all times relevant hereto the employer Defendants Chase Calhoun, Darin Howse, Barrett Chastain, Scott Murphy, Sabrena Switzer. The City of Tulsa is liable for the acts of Defendants Chase Calhoun, Darin Howse, Barrett Chastain, Scott Murphy, Sabrena Switzer, which were undertaken within the scope of their employment for the City of Tulsa and were undertaken pursuant to the policies and practices of the City of Tulsa, In the manner described above and more fully described below in count 5.

27. All individual Defendants are sued in their official and individual capacities unless otherwise noted.

## STATEMENT OF CLAIM

### COUNT 1 – 42 U.S.C § 1983
### False Imprisonment
### (4th and 14th Amendment)

28. Plaintiff Incorporates each paragraph of this Complaint as if fully restated herein.

29. The claimant was arrested for a felony warrant at a local business in Tulsa County by Defendants Chase Calhoun, Darin Howse, Barrett Chastain, Scott Murphy was then transported to the Tulsa County Jail. Once claimant arrived at the Tulsa County Jail he was advised by Defendant Lieutenant Chase Calhoun, that he was being booked into the Tulsa

County Jail for his felony warrant and that he was being charged with additional felony charges of possession of stolen vehicle and knowingly possessing vehicle with altered vin.

30. The additional felony charges turned out to be felony charges from closed cases from previous arrests made by the Defendants Chase Calhoun, Darin Howse, Barrett Chastain, Scott Murphy and cases that the Tulsa County District Attorney's office had already convicted other people of committing those crimes. Defendants then used the same evidence from those cases and applied it to the cases against the Plaintiff alleging him of committing the same crime. TPD's Auto Theft Unit officers also charged the claimant with felony charges of crimes that were not committed in Tulsa County.

31. The claimant was charged with multiple felony charges without probable cause and charged with multiple felony counts outside venue and jurisdiction of Tulsa County. The dismissal of the frivolous felony charges at a preliminary hearing because of the lack of probable cause reflects the unlawfulness of the detention of the claimant.

32. In the manner described more fully above, Defendants Chase Calhoun, Darin Howse, Barrett Chastain, Scott Murphy, while acting individually, jointly and in conspiracy with one another, as well as under color of law and within the scope of their employment, deprived Plaintiff of his constitutional right to be free from unlawful seizure, deprived of life and liberty, and right not be detained without due process of the law.

33. Defendants falsely charged the Plaintiff with multiple felony counts and thereby misleading and misdirecting the criminal prosecution of plaintiff.

34. The actions described in this count by Defendants were undertaken pursuant to the policies and practices of the Defendants City of Tulsa in the manner described above and more fully described below in Count 5.

## COUNT 2 -- 42 U.S.C. § 1983
### Retaliation
### (5th Amendment)

35. Plaintiff Incorporates each paragraph of this Complaint as if fully restated herein.

36. After the arrest the claimant chose to exercise his 5th Amendment right and refused to be interviewed by TPD Auto Theft Detectives.

37. Defendants Barret Chastain, Darin Howse, Scott Murphy and Lt. Chase Calhoun conspired to stack multiple frivolous felony charges against the claimant, in order to unlawfully detain him as a method to inflict emotional distress and an act of intimidation and coercion to get the claimant to vacate his right to remain silent and be interviewed by Tulsa Police Detectives.

38. Defendants Barret Chastain, Darin Howse, Scott Murphy and Lt. Chase Calhon threatened the claimant by invoking a "special authority" to undertake retaliatory action under color of the law, causing grievous injury and damages to the claimant.

39. Conduct by Defendants brought not by a desire to enforce the law, but by a desire to pressure a defendant into surrendering Fifth Amendment rights.

40. In the manner described more fully above, Defendants Chase Calhoun, Darin Howse, Barrett Chastain, Scott Murphy, while acting individually, jointly and in conspiracy with one another, as well as under color of law and within the scope of their employment, deprived Plaintiff of his constitutional right to be free from unlawful seizure, deprived of life and liberty, and right not be detained without due process of the law.

## COUNT 3 – 42 U.S.C § 1983
### Deprivation of Liberty without Probable Cause
### (4th and 14th Amendment)

41. Plaintiff Incorporates each paragraph of this Complaint as if fully restated herein.

42. In the manner described more fully above, Defendants Detectives Barret Chastain, Darin Howse, Scott Murphy and Lt. Chase Calhoun, while acting individually, jointly, an in conspiracy with one another, as well as under color of law and within the scope of their employment, used false evidence that they had manufactured in order to accuse Plaintiff of criminal activity, cause his detention, and continued confinement and prosecution without probable cause.

43. In so doing. Defendants Detectives Barret Chastain, Darin Howse, Scott Murphy and Lt. Chase Calhoun caused Plaintiff to be deprived of his liberty and detained without probable cause, in violation of his rights secured by the Fourth and Fourteenth Amendments.

44. Plaintiff's criminal prosecution for the charges without probable cause was terminated without a conviction. The 8 felony counts that Plaintiff was falsely charged with were dismissed at preliminary hearing.

45. As a result of the actions of Defendants Detectives Barret Chastain, Darin Howse, Scott Murphy and Lt. Chase Calhoun, Plaintiff suffered loss of liberty, great mental anguish, humiliation, emotional pain and suffering, and other grievous and continuing injuries and damages.

46. The actions described in this Count by Defendants Barret Chastain, Darin Howse, Scott Murphy and Lt. Chase Calhoun were undertaken pursuant to the policies and practices of the Defendants City of Tulsa, in the manner described above and more fully described below in Count ___.

**COUNT 4 – 42 U.S.C § 1983**
**Equal Protection**
**(14th Amendment)**

47. Plaintiff Incorporates each paragraph of this Complaint as if fully restated herein.

48. Defendants Barret Chastain, Darin Howse, Scott Murphy and Lt. Chase Calhoun, Sabrena Switzer have a history of arresting Black suspects connected to auto theft rings and detaining them with excessive bail amounts. The bail amounts are a substantial difference in the bail amounts they apply when they arrest White suspects connected to auto theft rings.

49. Defendants also do not use the practice of aggressively stacking the White suspects with criminal charges the way they do Black suspects.

50. The claimant who is a black male was booked into the Tulsa county jail and was held without bond on possession of stolen vehicle charges. Defendants Barret Chastain, Darin Howse, Scott Murphy and Lt. Chase Calhoun, and Sabrena Switzer have arrested Black suspects with similar cases and booked them into the Tulsa County Jail with excessive bail amounts.

51. These amounts of bail are all unreasonable for Black suspects arrested considering the bail amounts set for White suspects similarly situated alike with similar cases.

52. This conduct is consistent with TPD and the City of Tulsa's long history of racial disparities in its policing services. Defendants Barret Chastain, Darin Howse, Scott Murphy and Lt. Chase Calhoun, and Sabrena Switzer disregard to treat all persons similarly situated alike deprived claimant of his 14th Amendment right to equal protection of the laws.

53. Defendants Barret Chastain, Darin Howse, Scott Murphy and Lt. Chase Calhoun, and Sabrena Switzer were undertaken pursuant to the policies and practices of the Defendants City of Tulsa, in the manner described above and more fully described below in Count 5.

### COUNT 5 – 42 U.S.C. § 1983
### Deliberate Indifference
### Policy and Practice Claim against City of Tulsa
### (4th, 5th, and 14th Amendment)

54. Plaintiff incorporates each paragraph of this Complaint as if fully restated herein.

55. The Defendants City of Tulsa is liable for the violation of the claimant's constitutional rights by virtue of its official policies. Claimant's injuries were caused by the express or official policies, absence of necessary policies, widespread practices and customs of the City of Tulsa.

56. At all times relevant to the events described in this claim and for a period of time prior and subsequent thereto, the Defendants City of Tulsa failed to promulgate any or adequate rules, regulations, policies, or procedures on; racial disparities in TPD's policing practices, retaliation, excessive bail, unlawful filing of criminal charges, and meaningful discipline of officers accused of such unlawful conduct.

57. In addition, or in the alternative, the Defendants City of Tulsa failed to train, supervise, or discipline officers on these topics mentioned. The Defendants City of Tulsa chose not to implement any or adequate policies and training in these areas even though the need for such policies and training was obvious, and being aware that failure to do so would lead to violations of constitutional rights.

58. The decision not to implement any or adequate policies or training in these areas also contributed to the widespread practices described in this claim. Final policymakers for the Defendants City of Tulsa knew of these problems and allowed them to continue, and made decisions not to implement any or adequate policies, training, supervision or discipline. The constitutional violations complained of by the claimant were a highly predictable consequence of a failure to equip Tulsa Police officers with the specific tools, including policies, training, and supervision to handle these recurring situations.

59. The policies, practices, and customs set forth above were maintained and implemented with deliberate indifference. They were the moving force behind the constitutional violations

of the claimant and directly and proximately caused claimant to suffer grievous and lasting injuries and damages.

### Sixth Claim for Relief
### Negligence
### (4th and 14th Amendment)

60. Plaintiff incorporates each paragraph of this Complaint as if fully restated herein.

61. After an exertion of influence by Tulsa Police Detective Defendant Darin Howse, The Tulsa County District Attorney Defendants Stephen Kunzweiler and Defendants Dalinda Jeffers allowed Det. Howse to participate and facilitate in the initiation and presentation of a criminal prosecution against the claimant. Defendants Darin Howse was appointed to the position of "Case Agent" in the criminal prosecution and given duty to perform numerous prosecutorial functions such as but not limited to preparing the State's case, communicating with witnesses and potential witnesses, prepping them for testimony and participating in the cross examination of the witnesses.

62. The conduct of Det. Howse as a state actor under color of state law demonstrated a clear misuse of power that he was given by the Defendants Stephen Kunzweiler and Defendants Dalinda Jeffers. Det. Howse presented multiple counts of criminal charges to be filed against the claimant without probable cause. Det. Howse recycled criminal charges and evidence from closed cases where the Tulsa County District Attorney's Office had already prosecuted and convicted someone else for committing the same crime using the same evidence and applied that same evidence and alleging the same criminal charge against the claimant.

63. Det. Howse also presented multiple counts of criminal charges for crimes that were committed outside of the venue and jurisdiction of Tulsa County and multiple criminal charges that were outside the statute of limitations.

64. The shocking conduct of Det. Howse shows a clear and convincing negligence on behalf of the Defendant Stephen Kunzweiler and Dalinda Jeffers to properly train or supervise Defendant Darin Howse in his prosecutorial duties. Even after becoming aware of the conduct of Defendant Darin Howse, Stephen Kunzweiler and Dalinda Jeffers negligently failed to intervene.

65. 8 felony counts that the Plaintiff was falsely charged with criminal charges were dismissed at a preliminary hearing for the absence of showing probable cause.

66. The conduct of Defendants resulted in unreasonable and unlawful detainment of the claimant depriving him of his liberty and violating claimant's 4th and 14th Amendment rights for unlawful seizure and violating Plaintiff's due process rights. The authorization of the duties given to Defendants Darin Howse by Defendants Tulsa County District Attorney Stephen Kunzweiler and Tulsa County Assistant District Attorney Dalinda Jeffers were administrative in nature and the moving force that resulted in the negligence and violations of Plaintiff's constitutional rights.

### Seventh Claim of Relief
### Abuse of Process
### (4th and 14th Amendment)

67. Plaintiff incorporates each paragraph of this Complaint as if fully restated herein.

68. As the factual recitations above show, the process used against claimant was unconstitutional and was abused to achieve a purpose not within the scope of the process, which led to extensive legal cost and negative consequences for claimant.

69. The ulterior motives behind filing false charges against the Plaintiff: (1) retaliation for the claimant exercising his 5th amendment rights against self-incrimination by remaining silent and refusing to be interviewed by detectives. (2) A method to increase the bail amount to an

excessive amount, making it nearly impossible for claimant to post bail. (3) To prolong incarceration to force a conviction by placing claimant in a situation where he is unduly influenced by a coercive atmosphere. Faced with pre-trial confinement that may "imperil" the claimant's job, interrupt his source of income, and impair his family relationships, that he may be more easily coerced because of his unlawful detention to plea.

70. While the law emphasizes that there is no abuse of process when the process is used for its intended purpose, here, the process involved clear misuse: a lack of a constitutionally appropriate motive and the unlawful nature of the prosecution reflect the misuse of the prosecutorial process. No procedure of the criminal justice system justifies the use of prosecutorial resources for the intended result above listed. Defendants, while acting within the scope of their employment, used the judicial process in a manner that was improper, with a primary motive to accomplish an illegitimate end.

71. In the manner described more fully above, Defendants while acting individually, jointly, an in conspiracy with one another, as well as under color of law and within the scope of their employment, cause his detention, and continued confinement and prosecution without probable cause, violating Plaintiff's 4th, 5th, and 14th amendment rights.

### EIGHTH CLAIM FOR RELIEF – 42 U.S.C § 1983
### Conspiracy to Deprive Constitutional Rights

72. Plaintiff incorporates each paragraph of this Complaint as if fully restated herein.

73. Defendants Defendants Barret Chastain, Darin Howse, Scott Murphy and Lt. Chase Calhoun, and Sabrena Switzer, Stephen Kunzweiler, and Dalinda Jeffers, acting in concert with each other and other co-conspirators, known and unknown, reached an agreement among themselves to frame Plaintiff for crimes he did not commit and thereby deprived him of his constitutional rights, all as described herein.

74. In doing so the co-conspirators conspired to accomplish an unlawful purpose by unlawful means. In addition, these co-conspirators committed overt acts and were otherwise willful participants in joint activity.

75. Defendants conduct included, but was not limited to, the following acts in furtherance of their conspiracy:

    a. Defendants Barret Chastain, Darin Howse, Scott Murphy and Lt. Chase Calhoun and Sabrena Switzer charged Plaintiff with crimes without probable cause, presented fabricated evidence to the courts, misrepresented evidence to the courts, gave false and/or misleading testimony at a preliminary hearing, coerced witnesses, procured witness testimony knowing it to be false, procured search warrants without probable cause, and obtained witness statements and evidence that prosecutors could use to manufactured probable cause to charge Plaintiff with a crime.

    b. Defendant Stephen Kunzweiler filed charges false charges against Plaintiff that he knew or should have known were false. Defendant Dalinda Jefferss was appointed as Assistant District Attorney with the understanding that she would advance Plaintiff's frivolous prosecution and to continue Defendants Barret Chastain, Darin Howse, Scott Murphy and Lt. Chase Calhoun, and Sabrena Switzer object to unlawfully detain Plaintiff. Defendants Dalinda Jeffers continued to still prosecute the Plaintiff for the frivolous criminal charges even after they were dismissed. Defendant Kunzweiler and Dalinda Jeffers continued to present false, distorted, misleading and perjurious testimony to the courts to procure a criminal prosecution in the absence of

probable cause. Defendants Stephen Kunzweiler and Dalinda Jeffers also filed criminal charges against the Plaintiff that were crimes committed outside of the jurisdiction of Tulsa County.

76. Each of the overt acts described above was made in furtherance of Defendants conspiracy to deprive Plaintiff of his civil rights, and throughout the acts described above Defendants acted in concert pursuant to an agreement, meeting of the minds, or general conspiratorial objective.

77. Defendants were acting under color of law and within the scope of their employment when they took these actions.

78. The actions of Defendants Barret Chastain, Darin Howse, Scott Murphy and Lt. Chase Calhoun, and Sabrena Switzer, Stephen Kunzweiler, and Dalinda Jeffers, were objectively unreasonable and were undertaken intentionally, in total disregard of the truth of Plaintiff's clear innocence.

### NINTH Claim of Relief – 42 U.S.C. § 1983
### Failure to Intervene

79. Plaintiff incorporates each paragraph of this complaints as if fully restated herein.

80. In the manner described more fully above, during the constitutional violations described herein, one or more of the Defendants Barret Chastain, Darin Howse, Scott Murphy and Lt. Chase Calhoun, and Sabrena Switzer, Stephen Kunzweiler, and Dalinda Jeffers stood by without intervening to prevent the violation of Plaintiff's rights under the 4th, 5th and 14th amendment even though they had the opportunity to do so.

81. The actions of Defendants Barret Chastain, Darin Howse, Scott Murphy and Lt. Chase Calhoun, and Sabrena Switzer, Stephen Kunzweiler, and Dalinda Jeffers were objectively

unreasonable and were undertaken intentionally, in total disregard of the truth and Plaintiff's clear innocence.

82. As a result of the actions of Defendants Barret Chastain, Darin Howse, Scott Murphy and Lt. Chase Calhoun, and Sabrena Switzer, Stephen Kunzweiler, and Dalinda Jeffers, Plaintiff suffered loss of liberty, great mental anguish, humiliation, emotional pain and suffering, and other grievous and continuing damages.

## INJURY

83. Oklahoma law provides that public entities are directed to pay any tort judgement for compensatory damages for which employees are liable within the scope of their employment.

84. Plaintiff, while being unlawfully detained in the Tulsa County Jail, claimant suffered physical assault, mental abuse, sleep deprivation, 4 infections, and induced stress from deprivation of rights. The claimant was also booked into the Tulsa County Jail with open wounds and was deprived of proper medical treatment which resulted in lasting scars and major discoloration in skin over his entire body.

85. As a direct and proximate result of the Defendants' unreasonable and unlawful actions, Plaintiff has suffered and continues to suffer substantial past and future damages, compensatory, physical and general, including, but not limited to, legal expenses, loss of income, severe emotional distress, mental anguish, body damage, damage to brand image and embarrassment. Plaintiff is seeking $100,000.00 per frivolous charge and additional damages for medical and relocation expenses in an amount to be estimated around $5,400,000.00, award amount to bet determined at trial.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests judgement against Defendants as follows:

a. Awarding general and/or compensatory damages in an amount to be determined at trial for all injuries suffered as a result of Defendants wrongdoing.

b. Awarding punitive damages

c. Awarding the costs of suits as incurred in this action.

d. Such other and further relief as the court may deem just and proper.

## JURY DEMAND

Plaintiff Randall Liggins hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

## PREVIOUS LAWSUITS

Plaintiff has not had a case dismissed based on the "three strike rule" 28 U.S.C § 1915(g).

Plaintiff has not filed other lawsuits in state or federal court dealing with the same facts involved in this action.

Plaintiff has not filed other lawsuits in state or federal court otherwise relating to the conditions of his imprisonment.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further

investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

    a. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: May 15, 2025

Signature of Plaintiff: *Randall Liggins*

Printed Name of Plaintiff: Randall Liggins
Prison Identification #: 1209629
Prison address: David L Moss Justice Center
                300 N Denver Ave
                Tulsa, OK 74103

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares (or certifies, verifies, or states) under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. §1746. 18 U.S.C. §1621.

Executed at David L. Moss Justice Center/ Tulsa County Jail in Tulsa, OK on 05-15-2025.

*Randall Liggins*
Original Signature of Plaintiff

## CERTIFICATE OF SERVICE

I, the undersigned, certify that a true and correct copy of the foregoing instrument was delivered by mail to the office of the United States District Court for The Northern District of Oklahoma Court Clerk on this day 15 day of May, 2025.

*Randall Liggins*
Randall Dawon Liggins



FROM: Randall Liggins #1209029, David L. Moss Justice Center, 300 N. Denver Ave., Tulsa, OK 74103

TO: U.S. Northern District of Oklahoma Court Clerk, 333 W. 4th Street Room 411, Tulsa, OK 74103

RECEIVED MAY 21 2025 Heidi D. Campbell, Clerk U.S. DISTRICT COURT

25-CV-253-CVE-SH

Postmark unknown

