**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **RANDALL DAWON LIGGINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 25-CV-0253-CVE-SH** |
| | ) | |
| **STEPHEN KUNZWEILER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Randall Dawon Liggins, a self-represented litigant, brings this action under 42 U.S.C. §

1983, claiming constitutional deprivations by five Tulsa police officers, two district attorneys, and

the City of Tulsa.  Dkt. # 1.  Liggins generally claims that the defendants, after arresting him

pursuant to an arrest warrant, fabricated additional charges unsupported by probable cause, leading

to an increased bond amount and unlawful detention.  See id.  Defendants Steve Kunzweiler[1] and

Dalinda Jeffers move to dismiss Liggins's complaint, under Federal Rules of Civil Procedure

12(b)(1) and 12(b)(6).  Dkt. # 22.  Liggins responded in opposition to the motion.  Dkt. # 25.  For

the following reasons, the Court grants Kunzweiler and Jeffers' motion.

### I.      Standard of review

Rule 12(b)(1) permits the Court to dismiss a complaint for "lack of subject-matter

jurisdiction."  "Since federal courts are courts of limited jurisdiction, we presume no jurisdiction

exists absent an adequate showing by the party invoking federal jurisdiction."  Siloam Springs

---

[1]      Liggins identifies Kunzweiler as "Stephen Kunzweiler."  Dkt. # 1, at 1.  The entry of
appearance and motion to dismiss filed by Kunzweiler's counsel reflects that his first name
is Steve.  Dkt. ## 20, 21, 22. The Court therefore directs the Clerk of Court to correct the
name of party defendant Stephen Kunzweiler to: Steve Kunzweiler, Tulsa County D.A.,
previously named as Stephen Kunzweiler, Tulsa County D.A.

Hotel, L.L.C. v. Century Surety Co., 906 F.3d 926, 931 (10th Cir. 2018) (quoting United States v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999)).  "Rule 12(b)(1) motions generally take one of two forms:  (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based."  Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002).  Here, defendants have facially attacked the sufficiency of the complaint's allegations as to the existence of subject matter jurisdiction by asserting Eleventh Amendment immunity.  Dkt. # 22, at 6-8; see Hughes v. Colo. Dep't of Corr., 594 F. Supp. 2d 1226, 1231 (D. Colo. 2009).  In addressing a facial attack under Rule 12(b)(1), the Court must "presume all of the allegations contained in the [] complaint to be true."  Ruiz, 299 F.3d at 1180.  Dismissal is proper where "the complaint fails to allege any basis for subject matter jurisdiction over the claims raised therein."  Harrison v. United States, 329 F. App'x 179, 181 (10th Cir. 2009).[2]

Dismissal of claims under Rule 12(b)(6) is appropriate if the facts alleged in the complaint fail to state a claim on which relief may be granted.  To withstand a Rule 12(b)(6) motion, the complaint must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is plausible if the facts alleged "raise a reasonable expectation that discovery will reveal evidence" of the conduct necessary to establish plaintiff's claim.  Id. at 556; see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  The complaint need not contain "detailed factual allegations," but it must contain "more than labels and conclusions"

---

[2]     The Court cites all unpublished decisions herein as persuasive authority.  FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

or "formulaic recitation[s] of the elements of a cause of action." Bell Atl. Corp., 550 U.S. at 555. When considering the sufficiency of the complaint, a court must accept as true all the well-pleaded factual allegations and construe them in the plaintiff's favor. Id. But the court may disregard legal conclusions or conclusory statements devoid of factual support. Id.; Iqbal, 556 U.S. at 678.

Further, when a plaintiff appears without counsel, the Court must liberally construe the complaint. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). But even self-represented litigants bear the burden to "alleg[e] sufficient facts on which a recognized legal claim could be based." Id. And the rule of liberal construction neither permits nor requires a court to assume the role of the unrepresented litigant's advocate by "supply[ing] additional factual allegations to round out a plaintiff's complaint or construct[ing] a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1175 (10th Cir. 1997).

At the motion-to-dismiss stage, a "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable." Straub v. BNSF Ry. Co., 909 F.3d 1280, 1287 (10th Cir. 2018) (quoting Bell Atl. Corp., 550 U.S. at 556). Nonetheless, dismissal is appropriate "when the allegations in [the] complaint, however true, could not raise a claim of entitlement to relief." Bell Atl. Corp., 550 U.S. at 558.

## II.    Background

On March 15, 2024, Liggins was arrested in Tulsa, Oklahoma pursuant to a felony warrant. Dkt. # 1, at 1.[3] Liggins alleges that because he refused to be interviewed by detectives, Tulsa police officers charged him with additional false charges to increase his bond amount and unlawfully detain him. Id. at 2, 12. After the preliminary hearing, "the false charges were demurred for a lack of evidence cause to support the charge." Id. at 3. Liggins's complaint largely

---

[3]    The Court's citations refer to the CM/ECF header pagination.

focuses on the conduct of the Tulsa police officer defendants and the City of Tulsa.  See Dkt. # 1.

However, Liggins also advances claims against Kunzweiler and Jeffers for negligence, conspiracy, abuse of process and failure to intervene.  Id., at 11-16.  Liggins generally alleges that Kunzweiler and Jeffers allowed the false charges to be brought against him and allowed him to be prosecuted in violation of his constitutional rights.  See id.

Kunzweiler and Jeffers allege in their motion that they are entitled to:  1) sovereign immunity; 2) absolute prosecutorial immunity; and 3) qualified immunity.  Dkt. # 22, at 6-12. Additionally, Kunzweiler and Jeffers contend that Younger[4] abstention bars Liggins's claims, that Liggins failed to state a claim upon which relief can be granted, and that they are exempt from liability for punitive damages and the claims asserted.  Id. at 12-18.  Liggins, in response to the motion, argues that Kunzweiler and Jeffers are not entitled to absolute prosecutorial immunity or qualified immunity.  Dkt. # 25, at 4-9.  Furthermore, Liggins contends that Younger does not bar his claims, and he stated claims upon which relief may be granted.  Id. at 9-11.  The Court now considers the parties' positions.

### III.    Sovereign immunity

The Court agrees with defendants that they are entitled to sovereign immunity as it relates to Liggins's official capacity claims.  Dkt. # 22, at 6-8.  "The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state."  Peterson v. Martinez, 707 F.3d 1197, 1205 (10th Cir. 2013) (citation and internal quotation marks omitted).  Claims against a state official in his or her official capacity are construed as claims against the state and, so, are barred by the Eleventh Amendment.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985) (holding that a suit against an individual acting in an official capacity is

---

4    Younger v. Harris, 401 U.S. 37, 53-54 (1971).

properly treated as a suit against the state itself and "the Eleventh Amendment bars a damages action against a State in federal court"). "Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." Steadfast Ins. Co. v. Agric. Ins. Co., 507 F.3d 1250, 1252 (10th Cir. 2007).

Here, Liggins seeks damages. Dkt. # 1, at 16-17. Accordingly, Liggins's claims against Kunzweiler and Jeffers, in their official capacities, are barred by Eleventh Amendment immunity. See Butler v. Rainbolt, Case No. 23-7091, 2024 WL 3548936, at *2 (10th Cir. July 26, 2024) (unpublished) (noting that in Oklahoma, a district attorney is an arm of the state). The Court dismisses without prejudice Liggins's official capacity claims against Kunzweiler and Jeffers. Polaski v. Colo. Dep't. of Transp., 198 F. App'x. 684, 685-86 (10th Cir. 2006) (dismissal on grounds of Eleventh Amendment immunity is a dismissal for lack of subject matter jurisdiction and must be without prejudice) (citing Brereton v. Bountiful City Corp., 434 F.3d 1213, 1218 (10th Cir. 2006)).

## IV.    Prosecutorial immunity

Concerning Liggins's individual capacity claims against Kunzweiler and Jeffers, the defendants assert that they are entitled to absolute prosecutorial immunity. Dkt. # 22, at 8-10. Liggins responds that they are not because the conduct he complains of was "investigative and administrative in nature," and, thus, not entitled to protection. Dkt. # 25, at 2, 4-6.

"Absolute prosecutorial immunity is a complete bar to a suit for damages under 42 U.S.C. § 1983." Mink v. Suthers, 482 F.3d 1244, 1258 (10th Cir. 2007) (citing Imbler v. Pachtman, 424 U.S. 409, 419 n.13 (1976)). To the extent a prosecutor is "initiating and presenting a case"—that is, acting as an officer of the court in a quasi-judicial role—he is absolutely immune, id. at 1259, for the activities that are "intimately associated with the judicial phase of the criminal process,"

Imbler, 424 U.S. at 430.  But a prosecutor can lose that immunity if his activities "cast him in the role of an administrator or investigative officer rather than that of advocate." Id. at 430–31.  "Still, to the extent a prosecutor has to conduct administrative or investigative activities as part of his duties as an officer of the court, he is still entitled to absolute prosecutorial immunity." Sandberg v. Englewood, Co., 727 F. App'x 950, 955 (10th Cir. 2018).  "[T]here is no bright line between advocacy and investigation[.]" Mink, 482 F.3d at 1261.  In looking at the prosecutor's role in the case, courts must apply the "functional approach," id. at 1259, to examine "the nature of the function performed, not the identity of the actor who performed it," Forrester v. White, 484 U.S. 219, 229 (1988).

### A.    Liggins's allegations

In support of his negligence claim, Liggins alleges that Kunzweiler and Jeffers impermissibly delegated their prosecutorial functions to defendant Darin Howse, a Tulsa police detective.  Dkt. # 1, at 11.  Specifically:

> Defendants Stephen Kunzweiler and [] Dalinda Jeffers allowed Det. Howse to participate and facilitate in the initiation and presentation of a criminal prosecution against the claimant.  Defendant[] Darin Howse was appointed to the position as "Case Agent" in the criminal prosecution and given duty to perform numerous prosecutorial functions such as but not limited to preparing the State's case, communicating with witnesses and potential witnesses, prepping them for testimony and participating in the cross examination of the witnesses.

Id.  Liggins contends that Howse, in his role as case agent, engaged in various inappropriate conduct such as "recycle[ing] criminal charges and evidence from closed cases[.]" Id.  Therefore, Kunzweiler and Jeffers failed "to properly train or supervise [] Howse in his prosecutorial duties" and "failed to intervene." Id. at 12.  Liggins states that "[t]he authorization of duties given to [] Howse by [Kunzweiler and Jeffers] were administrative in nature and the moving force that resulted in the negligence and violations of [Liggins's] constitutional rights." Id.

Furthermore, as to his abuse of process claim, Liggins alleges that "the process used against [him] was unconstitutional and was abused to achieve a purpose not within the scope of the process, which led to extensive legal cost and consequences for [Liggins]." Dkt. # 1, at 13.  Liggins also alleges that, as part of the purported conspiracy, Kunzweiler filed false charges against Liggins, Jeffers was appointed the assistant district attorney on the case "with the understanding that she would advance [Liggins's] frivolous prosecution[,]" and Kunzweiler and Jeffers "continued to present false, distorted, misleading and perjurious testimony to the courts to procure a criminal prosecution in the absence of probable cause." Id. at 14-15.  Finally, in support of his failure to intervene claim, Liggins alleges that Kunzweiler and Jeffers "stood by without intervening to prevent the violation of [Liggins's] rights[.]" Id. at 15.

With these allegations in mind, the Court next employs the required functional approach to ascertain if Kunzweiler and Jeffers are entitled to prosecutorial immunity.

### B.    Application of prosecutorial immunity defense to allegations

Liggins's allegations regarding Howse's conduct present as a supervisory liability claim. Critically, prosecutorial immunity extends to supervising attorneys.  See Van de Kamp v. Goldstein, 555 U.S. 335 (2009).  The plaintiff, in Van de Kamp, claimed that the district attorney and the chief deputy district attorney failed to adequately train and supervise their deputy district attorneys on the production of potential impeachment material about informants. Id. at 343-44. The Supreme Court of the United States ("Supreme Court") held that absolute prosecutorial immunity barred the claim even though the claim addressed administrative functions.  Id. at 344, 349.  The Supreme Court focused on "a certain kind of administrative obligation—a kind that itself is directly connected with the conduct of a trial."  Id. at 344.  The Supreme Court found these functions to be distinct from "administrative duties concerning . . . workplace, hiring, payroll

administration, the maintenance of physical facilities, and the like" which are not given absolute immunity.  Id.  Therefore, the Supreme Court concluded that the failure to supervise and train claim at issue relied upon underlying misconduct by the deputy prosecutors at trial, who were themselves entitled to absolute immunity.  Id. at 344-46.

Van de Kamp is instructive here.  Liggins specifically complains that Howse, in his role as case agent, prepared the state's case, communicated with witnesses, prepared witnesses for testimony and participated in cross-examination.  Dkt. # 1, at 11.  Howse's conduct, as alleged, was "directly connected with the conduct of a trial" and, thus, the defendants are entitled to prosecutorial immunity.  Van de Kamp, 555 U.S. at 344.  Furthermore, as held in Van de Kamp, Kunzweiler and Jeffers are also entitled to immunity from Liggins's claim that they failed to train and/or supervise Howse.  Id. at 344-46; see also Bryson v. Macy, 611 F. Supp. 1234, 1262-63 (W.D. Okla. 2009) (district attorney was "entitled to absolute immunity from plaintiff's claim that he failed to train and supervise his subordinates.").  Therefore, Kunzweiler and Jeffers, as Howse's alleged supervisors, are entitled to absolute prosecutorial immunity.

To the extent Liggins challenges Kunzweiler's filing of charges, Jeffers's appointment as the assistant district attorney, and both defendants' prosecution of the case (Dkt. # 1, at 14), "[p]rosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court."  Nielander v. Board of Cnty. Comm'rs of Cnty. of Republic, Kan., 582 F.3d 1155, 1164 (10th Cir. 2009).  The alleged conduct Liggins identifies "clearly involve[s] the prosecutor[s'] role as *advocate* for the State," Mink, 482 F.3d at 1259 (italics in original), and was "intimately associated with the judicial phase of the criminal process," Imbler, 424 U.S. at 430.  Accordingly, the Court dismisses with

8

prejudice Liggins's claims against Kunzweiler and Jeffers, in their individual capacities, pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis of absolute prosecutorial immunity.  See Smith v. Glanz, 662 F. App'x 595, 596 (10th Cir. 2016) (affirming dismissal with prejudice based on judicial immunity).[5]

## V.    Conclusion

Based on the foregoing, the Court concludes that the defendants' motion to dismiss shall be granted, under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that defendants Kunzweiler and Jeffers' motion to dismiss (Dkt. # 22) is **granted**.

**IT IS FURTHER ORDERED** that the complaint is **dismissed, in part,** as to all claims against Kunzweiler and Jeffers, without prejudice as to lack of subject matter jurisdiction and with prejudice based on absolute prosecutorial immunity.

---

[5]    Even if the Court did not conclude Kunzweiler and Jeffers were entitled to absolute prosecutorial immunity, Liggins fails to state a claim against these defendants upon which relief may be granted.  Federal Rule of Civil Procedure 8 requires a party to "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations[.]"  Robbins v. Oklahoma, ex rel., Dept. of Human Servs., 519 F.3d 1242, 1250 (10th Cir. 2008) (italics in original).  Further, "[i]n order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established."  Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006).  Liggins must "identify specific actions taken by particular defendants."  Pahls v. Thomas, 718 F.3d 1210, 1226 (10th Cir. 2013) (quoting Tonkovich v. Kan. Bd. of Regents, 159 F.3d 504, 532 (10th Cir. 2011)).

Here, Liggins's allegations against Kunzweiler and Jeffers fail to provide the requisite level of clarity.  Instead, Liggins opts to attribute conduct to both Kunzweiler and Jeffers.  See, e.g., Dkt. # 1, at 11 ("Kunzweiler and [] Jeffers allowed Det. Howse to participate[.]"), 12 ("Kunzweiler and [] Jeffers negligently failed to intervene.").  These allegations fail to identify each defendant's direct personal responsibility.  For this additional reason, the Court dismisses Liggins's claims against Kunzweiler and Jeffers.

**IT IS FURTHER ORDERED** that the Clerk of Court shall correct the name of party defendant Stephen Kunzweiler to: Steve Kunzweiler, Tulsa County D.A., previously named as Stephen Kunzweiler, Tulsa County D.A.

**IT IS FURTHER ORDERED** that defendants Steve Kunzweiler and Dalinda Jeffers are **terminated** as party defendants in this matter. The parties are directed to correct the case caption accordingly on future pleadings.

**DATED** this 15th day of June, 2026.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE